FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHANE PROFITT,

      Petitioner,

v.                                                                                     **Civil Action No. 5:13cv147**
                                                                                             **(Judge Stamp)**

**R.A. PERDUE, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

On October 24, 2013, the petitioner filed a *pro se* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the manner in which the Bureau of Prisons ("BOP") had calculated his sentence. In effect, the petitioner was requesting a *nunc pro tunc* designation so that he could receive credit against his federal sentence for time spent in an Ohio State Department of Corrections facility. He paid the $5.00 fee on October 28, 2014. On October 31, 2013, the respondent was ordered to show cause why the writ should not be granted. On November 25, 2013, the respondent filed a Motion to Dismiss or for Summary Judgment. On November 22, 2013, a Roseboro Notice was issued. On November 25, 2013, the petitioner filed a Motion for Summary Judgment. On December 30, 2013, the petitioner filed a reply to the respondent's alternative motion.

### I.   Factual Background[1]

On March 8, 2007, the petitioner pleaded guilty in the United States District Court for the Southern District of Ohio to the charge of Conspiracy to Possess with Intent to Distribute two controlled substances, cocaine in excess of five kilograms and Methylenediosxymethamphetamine

---

[1] Except where specific document citations are noted, the information for the factual background was obtained from the petitioner's criminal docket and February 3, 2014 Order noted on the criminal docket. See 3:06-cr-00136-WHR (Southern District of Ohio, Western Division) available on PACER.

("MDMA" or "Ecstasy") under 21 U.S.C. § 846. At the time of the plea, the petitioner was being held by the Montgomery County Court of Common Pleas for the state law offense of felonious assault. He had originally been given a three year suspended sentence and five years of probation for the felonious assault conviction, but had not yet received a sentence for the probation violation on that charge when he appeared before the District Court to plead guilty. The District Court advised the petitioner that, as a result of his plea on the federal charge, his state court probation might be revoked and he might have to serve a state sentence consecutive to the federal sentence. The District Court also advised the petitioner that it had no control over what course of action the state court would take.

On June 4, 2007, the District Court sentenced the petitioner to one hundred and twenty months imprisonment for the federal drug offense. During sentencing, the petitioner's attorney stated that he was also facing a charge for drug trafficking in Hamilton County. The petitioner had, in fact, previously entered a plea of guilty for the state drug trafficking offense, but he had not yet been sentenced by the Hamilton County Court. At his federal sentencing on June 4, 2007, the court did not specify whether the petitioner's sentence was to run consecutively or concurrently with any State sentences that had not-yet been imposed. After sentencing, the petitioner was returned to state custody.

On June 7, 2007, the Montgomery County Court of Common Pleas, imposed the previously suspended three-year sentence for felonious assault on the petitioner, and a one-year sentence for attempt to commit felonious assault, to be served concurrently. The state court also ordered the sentences to be served concurrently with the just-imposed federal sentence, and concurrently with any sentence to be imposed by the Hamilton County Court of Common Pleas for the drug trafficking

offenses. On August 23, 2007, the petitioner was sentenced in the Hamilton County Court of Common Pleas for the state drug trafficking offenses to a four year prison term, to be served concurrently with any pending sentences.

Sometime prior to December 11, 2009, the petitioner requested that the Federal Bureau of Prisons retroactively designate his federal sentence as concurrent with his state sentences. The BOP sent a letter on December 11, 2009, to the sentencing court, to give it an opportunity to state its position with respect to a retroactive designation. The Court did not respond to the letter. On February 16, 2010, the BOP denied the petitioner's request for a retroactive concurrent designation.(Doc. 15-1).

On March 3, 2010, the Hamilton County Court of Common Pleas modified the four year sentence it originally gave the petitioner for the state drug offenses to a total aggregate sentence of 2 ½ years. Because the petitioner eventually served 1255 days in state custody, the state courts's reduction of the sentence to only 910 days gave the petitioner a credit of 345 days, which the BOP later applied to his federal sentence.

On March 15, 2011, the petitioner, through counsel, filed a Motion Requesting Amendment of Sentence or Recommendation for a Concurrent Sentence with the Southern District of Ohio. On October 24, 2013, the petitioner filed his pending petition for § 2241 relief with this court. On February 3, 2014, the Southern District of Ohio entered an order, noting that it had no jurisdiction to modify, alter, or amend the petitioner's sentence or to re-sentence him. Therefore, to the extent the petitioner's motion sought such a remedy from that court, it was overruled. However, the Southern District of Ohio included in its order, a strong recommendation that the petitioner's 120-month sentence imposed by that court on June 4, 2007, run concurrently with his now, discharged

3

state court sentences. On March 20, 2014, the petitioner filed a *pro se* Motion with the Southern District of Ohio again seeking an amendment of his sentence to run concurrently with his State of Ohio sentences.

## II. Discussion

The BOP is charged with the responsibility of sentence computation and has expertise in this area. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). In this particular case, upon receipt of the order from the Southern District of Ohio, the BOP Designation and Sentence Computation Center again reviewed the petitioner's request for a retroactive *nunc pro tunc* designation. A review of the petitioner's criminal docket sheet in the Southern District of Ohio, establishes that the BOP has agreed to designate the Ohio prison where he served his state sentences *nunc pro tunc* as a place of federal confinement for the purpose of giving him credit against his federal sentence. Accordingly, the petitioner moved to withdraw his March 20, 2014, Motion to Amend/Correct Sentence. On March 25, 2014, the Southern District of Ohio sustained the petitioner's Motion to Withdraw and overruled as moot his Motion to Amend/Correct Sentence.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

4

When the respondent filed its Motion to Dismiss or for Summary Judgment, the petitioner's projected release date was June 1, 2017, with consideration for good conduct time. A review of the BOP website this date, indicates that the petitioner's projected release date is now June 5, 2015. Although the petitioner did not inform this Court that the BOP had reconsidered and granted his request for a *nunc pro tunc* designation, it is clear from the BOP website and his criminal docket sheet, that his request has now been granted. Therefore, the petitioner has received all the relief he could, had his petition been granted: credit against his federal sentence from the date it was imposed through the date he actually entered the custody of the BOP.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss or for Summary Judgment (Doc. 14) be **GRANTED** and the petition be **DISMISSED AS MOOT**. The undersigned further recommends that the petitioner's Motion for Default Summary Judgment[2] (Doc. 17) be **DENIED**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp. Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such

---

[2]In support of his "Motion for Default Summary Judgment," the petitioner alleged that the respondent did not file a response within twenty-one days as required by the Order to Show Cause entered on October 31, 2013. However, although the petitioner may not have received the response within twenty-one days, it is clear from the docket sheet that the response was filed in a timely manner.

Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 15, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE