IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHANE PROFITT,

          Petitioner,

v.                                      Civil Action No. 5:13CV147
                                                          (STAMP)
R.A. PERDUE,

          Respondent.


                    **MEMORANDUM OPINION AND ORDER**
                    **AFFIRMING AND ADOPTING REPORT AND**
                    **RECOMMENDATION OF MAGISTRATE JUDGE**

                         I.   Background

     On October 24, 2013, the pro se[1] petitioner, Shane Profitt ("Profitt"), initiated this 28 U.S.C. § 2241 habeas corpus action. In his petition for habeas corpus, Profitt argues that the Federal Bureau of Prisons ("BOP") has miscalculated his sentence and requests that he receive credit against his federal sentence for time spent in an Ohio State Department of Corrections facility ("Ohio State Corrections"). The action was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

     On March 8, 2007, the petitioner pleaded guilty in the United States District Court for the Southern District of Ohio ("SDOH court") to one count of Conspiracy to Possess with Intent to

---

     [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 1999).

Distribute two controlled substances, cocaine in excess of five kilograms and Methylenedioxymethamphetamine ("MDMA" or "Ecstacy"), pursuant to 21 U.S.C. § 846. At the time of the petitioner's plea, he was being held by the Ohio State Corrections and had two pending state cases, one in Montgomery County, Ohio and one in Hamilton County, Ohio. The petitioner had not been sentenced for either. The petitioner was later sentenced to 120 months imprisonment by the SDOH court.

After the petitioner received his federal sentence, the Montgomery court imposed a three year sentence that had previously been suspended while the petitioner was on probation and a one year sentence for attempt to commit felonious assault, to be served concurrently. The Montgomery court ordered those sentences to be served concurrently with the federal sentence and concurrently with the sentence imposed by the Hamilton court. Thereafter, the petitioner was sentenced by the Hamilton court to a four year sentence to be served concurrently with any pending sentences. However, in 2010, the Hamilton court modified the petitioner's sentence from a four year sentence to a total aggregate sentence of two and a half years providing the petitioner with a 345 day credit, which the BOP later applied to his federal sentence.

The petitioner has made multiple requests for a concurrent sentence recommendation, one of which was to the SDOH court. As to that request, the SDOH court entered an order denying the petitioner's request but making a recommendation that the

2

petitioner's 120 month federal sentence run concurrently with his now discharged state sentences. This order was entered after the current petition was filed in this Court.

After the current petition was filed, the respondent filed a motion to dismiss or for summary judgment and the petitioner filed a response to that motion. Further, the petitioner filed a motion for summary judgment. However, while the petition and those motions were pending consideration by the magistrate judge, this Court received a letter from the SDOH with an enclosed BOP letter stating that the petitioner's requested relief had been granted.

Thereafter, Magistrate Judge Kaull issued his report and recommendation in this case recommending that this Court deny the plaintiff's § 2241 petition and dismiss this action with prejudice, grant the respondent's motion for summary judgment, and deny the petitioner's motion for summary judgment. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

## II. Discussion

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

3

In his report, the magistrate judge found that the petitioner's request was moot. The magistrate judge indicated in his report that a check of the BOP website showed that the petitioner's projected release date was June 5, 2015, although it had previously been June 1, 2017. Thus, the magistrate judge found that the relief requested by the petitioner had already been granted. This Court finds that the magistrate judge's findings should be adopted as the petitioner's request is moot. The magistrate judge's recommendations are not clearly erroneous or contrary to law as the BOP letter this Court received via the SDOH court confirms that the petitioner's request for a modification of his federal sentence to run concurrently has been granted by the BOP.

III. <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 26) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED. Additionally, the respondent's motion to dismiss or for summary judgment (ECF No. 14) is GRANTED and the petitioner's motion for default summary judgment (ECF No. 17) is DENIED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:  June 5, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE